2/2/2020                                    BoardDocs® Pro



*Dedicated to Excellence*
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | J. Students |
| Title | Grounds for Suspension, Expulsion, or Denial of Admission |
| Code | JKD-1-E |
| Status | Active |
| Adopted | November 9, 2009 |
| Last Revised | February 8, 2016 |

According to Colorado Revised Statutes §§ 22-33-106 (1) (a-g) and 3(c, e, and f) and 22-12-105(3), the following may be grounds for suspension, expulsion or denial of admission from a public school:

1. Continued willful disobedience or open and persistent defiance of proper authority.

2. Willful destruction or defacing of school property.

3. Behavior on or off school property which is detrimental to the welfare or safety of other pupils or of school personnel including behavior which creates a threat of physical harm to the child or to other children.

4. Repeated interference with a school's ability to provide educational opportunities to other students.

5. Making a false accusation of criminal activity against a District employee to law enforcement or to the District.

6. Having been expelled from any school district during the preceding twelve (12) months.

7. Behavior in another school district during the preceding twelve (12) months that is detrimental to the welfare or safety of other pupils or of school personnel.

8. The use, possession or sale of a drug or controlled substance as defined by state or federal law.

9. The commission of an act which if committed by an adult would be robbery pursuant C.R.S. § 18-4-301 et seq. or assault pursuant to C.R.S. § 18-3-202 et seq. other than the commission of an act that would be third degree assault under C.R.S. § 18-3-204 if committed by an adult

10. The carrying, bringing, using or possessing a dangerous or deadly weapon without the authorization of the District.  NOTE:  In accordance with federal law, expulsion shall be mandatory and for no less than one full calendar year for a student who is determined to have brought to or possessed a firearm at school.  The Superintendent may modify the length of this federal requirement for expulsion on a case-by-case basis.  Such modification shall be in writing.

    For purposes of this paragraph, "DANGEROUS or DEADLY WEAPON" means:

    a. A firearm, whether loaded or unloaded.

    b. Any pellet gun, BB gun, or other device, whether operational or not, designed to propel projectiles by spring action or compressed air;

    c. A fixed blade knife with a blade that measures longer than three (3) inches in length or a spring loaded knife or a pocket knife with a blade longer than three and one-half  (3 ½) inches. Knife blades are to be measured from the point where the metal touches the handle.

    d. Any object, device, instrument, material, or substance, whether animate or inanimate, used or intended to be used to inflict death or serious bodily injury.

11. Carrying, using, actively displaying, or threatening with the use of a firearm facsimile that could reasonably be mistaken for an actual firearm in a school building or in or on District property.

12. Failure to comply with the provisions of C.R.S. § 25-4-901 et seq. (immunization requirements).  Any suspension, expulsion or denial of admission for such failure to comply shall not be recorded as a disciplinary action but may be recorded with the student's immunization record with an appropriate explanation.

13. Declaration as a habitually disruptive student.

    a. For purposes of this paragraph, "habitually disruptive student" means a child who has caused a material and substantial disruption three (3) times during the course of the school year, on school grounds, in school vehicles or at school activities or events.  Any student who is enrolled in a public school may be subject to being declared a habitually disruptive student.

    b. The student and the parent, legal guardian, or other legal custodian shall have been notified in writing of each disruption counted toward declaring the student as habitually disruptive and the student and parent, legal guardian, or legal custodian shall have been notified in writing and by telephone or other means at the home or the place of employment of the parent or legal guardian of the definition of "habitually disruptive student."

According to C.R.S. § 22-33-106 (2), subject to the District's responsibilities under Article 20 of that title (Exceptional Children's Education Act), and applicable federal law (see policy JKD-2, Discipline of Students with Disabilities), the following shall be grounds for expulsion from or denial of admission to a public school or diversion to an appropriate alternate program:

1. Physical or mental disability such that the child cannot reasonably benefit from the programs available.

2. Physical or mental disability or disease causing the attendance of the child suffering therefrom to be inimical to the welfare of other students.

Approved by Superintendent Mary F. Chesley, November 9, 2009.
First Revised:  August 13, 2012
Current Revision February 8, 2016

Legal

    C.R.S.§ 18-1-901(3)(e)

    C.R.S.§ 18-3-202 et seq.

    C.R.S.§ 18-4-301 et seq.

    C.R.S.§ 22-12-105(3)

    C.R.S.§ 22-33-106(1)(a – g)

    C.R.S.§ 22-33-106(2)

    C.R.S.§ 22-33-106(3)(c, e, and f)

    C.R.S.§ 25-4-901

*Dedicated to Excellence*
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | J. Students |
| Title | Conduct and Discipline Code |
| Code | JICDA |
| Status | Active |
| Adopted | January 12, 2009 |
| Last Revised | August 13, 2012 |

The Board of Education seeks to maintain an environment in the schools, which is conducive to learning, protective of the safety and welfare of students and staff, and free from unnecessary disruption.

Students are expected to pursue the educational program and to behave in such a way that their presence does not detract from their own education or the education of others.  Students shall treat teachers, administrators, other District employees and fellow students with dignity and respect and shall behave in such a manner that their presence does not detract from a productive educational environment.  Students shall be expected to comply with District, school and classroom rules.  (Policy JIC)

The rules: (l) shall not infringe upon constitutionally protected rights, (2) shall be clearly and specifically described, (3) shall be printed in a handbook or some other publication made available to students and parents, and (4) shall have an effective date subsequent to the dissemination of the published handbook.  (Policy JIC)

The principal may suspend or recommend expulsion of a student who engages in one or more of the following specific activities while in school buildings, on school grounds, in school vehicles, or during a school-sponsored activity.  Suspension or expulsion shall be mandatory for serious violations in a school building or on school property.

1. Causing or attempting to cause damage to school property or stealing or attempting to steal school property of value.

2. Causing or attempting to cause damage to private property or stealing or attempting to steal private property.

3. Commission of any act which if committed by an adult would be robbery or assault as defined by state law.

4. Violation of criminal law, which has an immediate effect on the school or on the general safety or welfare of students or staff.

5. Violation of District policy or building regulations.

6. Violation of the District's policy on weapons in the schools.  Expulsion shall be mandatory for using, or possessing a firearm without the authorization of the school or school district, in accordance with federal law.

7. Violation of the District's alcohol use/drug abuse policy.

8. Violation of the District's violent and aggressive behavior policy.

9. Violation of the District's smoking and use of tobacco policy.

10. Violation of the District's policy on sexual harassment.

11. Throwing objects, unless part of a supervised school activity, that can cause bodily injury or damage property.

12. Directing profanity, vulgar language, or obscene gestures toward other students, school personnel or visitors to the school.

**Exhibit 3 Page 3**

BoardDocs® Pro

13. Engaging in verbal abuse, i.e., name-calling, ethnic or racial slurs, or derogatory statements addressed publicly to others that precipitate disruption of the school program or incite violence.

14. Committing extortion, coercion or blackmail, i.e., obtaining money or other objects of value from an unwilling person or forcing an individual to act through the use of force or threat of force.

15. Lying or giving false information either verbally or in writing to a school employee.

16. Scholastic dishonesty, which includes but is not limited to cheating on a test, plagiarism or unauthorized collaboration with another person in preparing written work.

17. Continued willful disobedience or open and persistent defiance of proper authority, including deliberate refusal to obey a member of the school staff.

18. Repeated interference with the school's ability to provide educational opportunities to other students.

19. Behavior on or off school property that is detrimental to the welfare, safety, or morals of other students or school personnel.

20. Violation of the District's policy on intimidation, harassment and hazing, including but not limited to engaging in "hazing" activities, i.e., forcing prolonged physical activity, forcing excessive consumption of any substance, forcing prolonged deprivation of sleep, food, or drink, or any other behavior which recklessly endangers the health or safety of an individual for purposes of initiation into any student group.

21. Violation of the District's dress code policy.

22. Violation of the District's policy on student expression.

23. Making a false accusation of criminal activity against a District employee to law enforcement or to the District.

24. Violation of the District's policy on non-discrimination.

25. Violation of the District's policy on bullying prevention and education.

The principal or the principal's designee shall communicate discipline information concerning any student enrolled in the school to any teacher who has direct contact with the student in the classroom and to any counselor who has direct contact with the student.  Any teacher or counselor who receives information shall maintain the confidentiality of the information and does not have authority to communicate the information to any other person.

The principal or the principal's designee will inform the student and the student's parent, guardian, or legal custodian of the discipline information that has been shared with any teacher or counselor.  The student and the student's parent or guardian may challenge the accuracy of the disciplinary information by following the procedures outlined in Cherry Creek School District Regulation JII-R.

Any student who causes a disruption in the classroom, on school grounds, on school vehicles, or at school activities or events shall meet with the appropriate school official who will develop with other school personnel a remedial discipline plan for the student.

Disorderly students also shall be dealt with in a manner which allows other students to learn in an atmosphere which is safe, conducive to the learning process, and free from unnecessary disruptions.  (Policy JK)

Discipline policies and procedures may include acts of reasonable and appropriate physical intervention or force which are not in conflict with the legal definition of child abuse.  (Policy JK)

Any deviation from acceptable school behavior which is serious enough to warrant disciplinary action may result in a student's suspension and/or expulsion from classes in accordance with school board policies.

**Exhibit 3 Page 4**

2/2/2020                                                    BoardDocs® Pro

Legal                    C.R.S. § 18-18-102 (5) (Controlled Substance - Definition)

                         C.R.S. § 18-3-202 et. seq. (Offenses Against Person)

                         C.R.S. § 18-4-301 et. seq. (Offenses Against Property)

                         C.R.S. § 18-9-124 (2)(a) (Prohibition of Hazing)

                         C.R.S. § 22-12-105 (3) (Possible Expulsion for False Accusations)

                         C.R.S. § 22-32-109.1 (2)(a)(I)(A), (9) (Board of Education - Specific Duties)

                         C.R.S. § 22-33-106 (1)(a-g) (Grounds for Suspension, Expulsion, or Denial of Admission)

Cross References         AC - Nondiscrimination/Equal Opportunity Interpersonal/Human Relations

                         AC-R-2 - Sexual Discrimination and Harassment

                         AC-R-4 - Sexual Harassment of Students

                         ACC - Intimidation, Harassment and Hazing

                         ADC - Tobacco-Free Schools

                         ADD - Safe Schools

                         JIC - Student Conduct

                         JICAB - Student Dress Code

                         JICDB - Violent and Aggressive Behavior

                         JICDE - Bully Prevention and Education

                         JICED - Student Expression Rights

                         JICF - Secret Societies/Gang Activity

                         JICH - Alcohol and Other Drug Use by Students

                         JICI - Weapons in School

                         JK - Student Discipline

                         JKD-1 - Suspension or Expulsion of Students



*Dedicated to Excellence*
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | A. Foundations/Basic Commitment |
| Title | Intimidation, Harassment and Hazing |
| Code | ACC-R |
| Status | Active |
| Adopted | November 8, 1999 |

In an effort to promote the safety and welfare of all students and staff in the school environment, the building principal or designee, in conjunction with District administration shall make all students and staff aware of this policy, and ensure that concerted efforts are made to inform students and staff about the content and consequences of this type of behavior.

A person commits intimidation, harassment or hazing if he or she engages in any of the following behaviors:

1. engages in physical contact that results in bodily harm (assault); or

2. subjects another person to physical contact, including but not limited to striking, shoving, or kicking, in a manner that constitutes a real or perceived threat of physical or emotional harm;

3. directs obscene comments or gestures at another person; or insults, taunts or challenges another person; or

4. follows a person in a manner which causes fear, concern or alarm; or

5. threatens another person with physical harm.

6. engages in "hazing" activities, i.e. forcing prolonged physical activity, forcing excessive consumption of any substance, forcing prolonged deprivation of sleep, food, or drink, or any other behavior which recklessly endangers the health or safety of an individual, including, but not limited to, for purposes of initiation into any student group.

Any incident believed to constitute intimidation, harassment or hazing shall be reported promptly to the building administrator or designee, and District level administrator when necessary, for investigation and further action. Principals are directed to initiate suspension and/or expulsion review proceedings when infractions seriously disrupt the learning environment, undermine a sense of civility, or present a danger to the safety and welfare of students and staff.

**Exhibit 3 Page 6**

2/4/2020                                                                                    BoardDocs® Pro



*Dedicated to Excellence*
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | J. Students |
| Title | Suspension or Expulsion of Students |
| Code | JKD-1 |
| Status | Active |
| Adopted | November 8, 2004 |
| Last Revised | May 13, 2012 |

The Board of Education shall provide due process of law to students, parents and school personnel through written procedures consistent with law for the suspension or expulsion of students and the denial of admission.

The Board directs the superintendent to periodically review current procedures and, if necessary, develop new procedures consistent with this policy for approval by the Board.

The Board and its designee(s) may consider the following factors in determining whether to suspend or expel a student:

1. The student's age;

2. The student's disciplinary history;

3. The student's eligibility as a student with a disability;

4. The seriousness of the violation committed by the student;

5. The threat posed to any student or staff; and

6. The likelihood that a lesser intervention would properly address the violation

As an alternative to suspension, the principal or designee may permit the student to remain in school with the consent of the student's teachers if the parent/guardian attends class with the student for a period of time specified by the principal or designee.  If the parent/guardian does not agree or fails to attend class with the student, the student shall be suspended in accordance with the applicable regulations.

This alternative to suspension shall not be used if expulsion proceedings have been or about to be initiated or if the principal or designee determines that the student's presence in school, even if accompanied by a parent/guardian, would be disruptive to the operations of the school or be detrimental to the learning environment.

The superintendent shall arrange to make this policy and the accompanying procedures, along with grounds for which they may be suspended or expelled, distributed once to each student in elementary, middle and high school and once to each new student in the district. This policy and the accompanying procedures and grounds for suspension/expulsion shall be posted in each school of the district. In addition, any significant change in this policy and accompanying procedures shall be distributed to each student and posted in each school.

Delegation of Authority E

1. The Board of Education delegates to the principals of the school district or to persons designated in writing by the principals the power to suspend a student in his school for not more than five school days on the grounds stated in §22-33-106(1)(a), (1)(b) or (1)(c), C.R.S., or not more than ten schools days on the grounds stated in §22-33-106(1)(d), C.R.S. (See exhibit coded JKD-1-E.)

**Exhibit 3 Page 7**

2. The Board of Education delegates to the superintendent of schools the authority to suspend a student, in accordance with §22-33-105, C.R.S., for an additional ten school days, plus up to and including an additional ten days, if necessary, in accordance with the provisions of §22-33-105(b), C.R.S. The total period of suspension shall not exceed twenty-five school days.  In resolving problems of discipline and behavior which are adverse to the welfare and safety of other students and the school environment, the district reserves the right to re-open the investigation of a suspension if newly acquired information or evidence is discovered, and take whatever action is appropriate.  Any such re-opening is subject to procedural due process requirements.

3. The Board of Education delegates to the superintendent of schools, in accordance with §22-33-105, C.R.S., the authority to deny admission to or expel for any period not extending beyond one year any student whom the superintendent, in accordance with the limitations imposed by Title 22, Article 33, of the Colorado Revised Statutes, and Board policy shall determine does not qualify for admission to or continued attendance at the public schools of the district.

Expulsion for unlawful sexual behavior or crime of violence

When a petition is filed in juvenile court or district court that alleges a student between the ages of 12 to 18 years has committed an offense that would constitute unlawful sexual behavior as defined in section 18-3-411, C.R.S., or a crime of violence, as defined in section 16-11-309, C.R.S., if committed by an adult, basic identification information, as defined in state law, along with the details of the alleged delinquent act or offense, is required by law to be provided immediately to the school district in which the juvenile is enrolled.

The information shall be used by the Board of Education or its designee to determine whether the student has exhibited behavior that is detrimental to the safety, welfare, and morals of the other students or school personnel and whether educating the student in the school may disrupt the learning environment in the school, provide a negative example for other students, or create a dangerous and unsafe environment for students, teachers, and other school personnel.  The Board shall take appropriate disciplinary action, which may include suspension or expulsion in accordance with the student code of conduct and related policies.

The Board may determine to wait until the conclusion of court proceedings to consider expulsion, in which case it shall be the responsibility of the district to provide an alternative education program for the student as specified in state law.

Annual Reports

The Board annually shall report to the State Board of Education the number of students expelled from district schools for disciplinary reasons or for failure to submit certificates of immunization.  Expelled students shall not be included in calculating the dropout rate for the school or the district.

Information to parents

Upon expelling a student, district personnel shall provide information to the student's parent or guardian concerning the educational alternatives available to the student during the period of expulsion, including the right of the parent/guardian to request that the district provide services during the expulsion.  If the parent/guardian chooses to provide a home-based education program for the student, the parent/guardian may request to obtain appropriate curricula for the student from district personnel.

If a student is expelled for the remainder of the school year and is not receiving educational services through the district, the school district shall contact the expelled student's parent/guardian at least once every 60 days until the beginning of the next school year to determine whether the child is receiving educational services from some other source.


Revised:    August 13, 2012
Adopted:   November 8, 2004

BoardDocs® Pro

Legal

C.R.S.§ 16-11-309 (crime of violence)

C.R.S.§ 18-3-411 (unlawful sexual offense)

C.R.S.§ 22-32-109.1 (2)(a) (adoption and enforcement of discipline code)

C.R.S. § 22-32-109.1 (2)(a)(I)(E) (policy required as part of safe schools plan)

C.R.S.§ 22-32-109.1(3) (agreements with state agencies)

C.R.S.§ 22-33-105 (suspension, expulsion and denial of admission)

C.R.S. § 22-33-106 (grounds for suspension, expulsion and denial of admission)

C.R.S. § 22-33-106.3 (use of student's written statements in expulsion hearings)

C.R.S.§ 22-33-106.5 (information concerning offenses committed by students)

C.R.S.§ 22-33-107 (compulsory student attendance law)

C.R.S.§ 22-33-107.5 (notice of failure to attend)

C.R.S.§ 22-33-108 (juvenile judicial proceedings)

C.R.S.§ 25-4-903(1) (immunization)

**Exhibit 3 Page 9**

2/3/2020                                                BoardDocs® Pro



Dedicated to Excellence
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | J. Students |
| Title | Student Concerns, Complaints and Grievances |
| Code | JII-R |
| Status | Active |
| Adopted | September 6, 1988 |

Definitions

A "grievance" will mean a written complaint by an aggrieved person that:

1. There has been a violation or inequitable application of any applicable provisions of Board of Education policies, regulations or high school procedures, or

2. The aggrieved person has been treated inequitably by reason of any act or condition which is contrary to established policy, regulation or practice affecting students.

The term "grievance" will not apply to any matter in which the Board is without authority to act.

A grievance may be initiated by a student or his parents on his behalf or by a group of students acting collectively or their parents acting on their behalf. A "grievant" will mean a student, a student's parent or group of students initiating a grievance.

A "respondent" will mean the person against whom the grievance has been filed.

Either the grievant or the respondent may be represented during the grievance process at his own expense.

"Days" will mean regularly scheduled student contact days for the parties involved.

Miscellaneous provisions

1. No reprisal will be taken by an party in interest against any other party in interest or any person involved in any way in the grievance procedure by reason of such participation.

2. If requested, the Board, grievant or respondent will make available to the other parties in interest all information permitted by law which is in their possession or control which is relevant to the issues raised by the grievance.

3. Failure at any level of this procedure to appeal a decision in writing within the specified time limits or to make a written request for time extension will constitute a forfeiture of the right of the party to proceed further in the grievance procedure, and the grievance will be considered settled and finally resolved based upon the decision as stated in the previous level of the procedure.

4. The maximum time allowed to file a grievance after the individual knew or should have known of the violation of the Board policy or regulation or school procedure or the inequitable act will be 30 student-teacher contact days.

5. Any grievant may request support of his grievance from student government or parent organizations.

6. This procedure will not abrogate, modify, extend, limit or delegate the rights and responsibilities of the Board under the provisions of applicable state or federal laws.

Grievance procedure

Exhibit 3 Page 10

The grievance statement must be submitted in writing and show that informal communication with the faculty/administration has been exhausted and that relevant established policies and procedures have been applied.

Since it is important that grievances be processed as rapidly as possible, the number of days indicated at each level should be considered as a maximum and every effort should be made to expedite the process. However, the specified time limit may be extended or reduced by mutual agreement. Every attempt   will be made to resolve grievances before the end of the school year.

At each level, either the grievant, the respondent or the party hearing the grievance may request that it be taken to the next step. A written decision with reasons will be given.  If no decision is rendered within the time limit, the grievance automatically will be carried to the next level unless the grievant chooses to withdraw the grievance.

1. Preconditions to Level 1

   A grievance first must be discussed with the respondent with the object of resolving the matter informally at which time the grievant may:

   a. Discuss the grievance personally

   b. Request that his parent accompany him

   c. Request that a teacher accompany him

   d. Request that the department coordinator attend the meeting

   A response will be rendered in writing within six days of receiving the grievance. If denied, the reasons will be delineated.

2. Level 1

   If the grievant is not satisfied with the disposition of the grievance at the precondition level or if a written response has not been received within the specified time limit, the grievant may file a Level 1 grievance with the building principal or his designee. The appeal must be received by the principal within six days following the receipt of the written decision rendered by the respondent at the precondition level or, in the absence of such written decision, within six days of the expiration date of the time period in which such written decision was due.

   The principal or his designee will have six days to process the grievance at Level 1. The six days will begin when the principal receives the written grievance.  Within this time period, the principal or his designee will conduct such hearing, confer with such persons and review such documentation as the principal or his designee deems necessary and will render to all parties in interest a written decision with the reasons delineated on the resolution of the grievance.

3. Level 2

   If the grievant is not satisfied with the disposition of the grievance or a written response has not been received within the specified time limit, the grievant may file a written grievance with the superintendent. This   appeal must be received by the superintendent within six days following receipt of the written decision rendered by the principal or his designee or, in the absence of such written decision, within six days of the expiration date of the time period in which such written decision was due.

   The superintendent or his designee hereafter will be referred to as the Level 2 administrator.

   At the initial meeting of Level 2, the Level 2 administrator will hold a hearing at which both the grievant, with or without representatives the grievant chooses, and the appropriate faculty or administrators including the respondent are present. After this initial meeting, the Level 2 administrator may investigate and consult further with the grievant, the respondent and/or other parties and review such additional documents as he may deem necessary in an effort to resolve the grievance.

   The Level 2 hearing will take place within six days after receipt of the written grievance by the Level 2 administrator. The Level 2 administrator will render a decision on the resolution of the grievance within 10 days after the hearing. The decision will be rendered in writing setting forth the decision and the reasons therefor and will be transmitted promptly to all parties in interest.

**Exhibit 3 Page 11**

4. Level 3

   If the grievant is not satisfied with the disposition of the grievance at Level 2 or if a written response has not been received within the specified time limits, the grievant may file a written grievance with the   Board of Education. The appeal shall be filed with the secretary of the Board within six days of the receipt of the decision rendered by the Level 2 administrator. Such appeal will state the nature of the appeal, issues involved and reasons in support of the grievant's position.


5. The Board then will set the matter for a hearing or, if time is crucial, may call a special meeting. The grievant and/or respondent may request a closed session hearing with the Board for the presentation of the grievance. However, the decision on the grievance will be made by the Board in an open meeting.

After the hearing, the Board may request additional witnesses or documentation, confer with additional parties or review such additional matters as the Board deems necessary and within such reasonable time as  circumstances may allow will render its decision or adopt a resolution on the grievance.

Advisory resolutions

All resolutions of any grievance filed under this procedure at any level will be advisory only to the Board. The Board in its sole discretion may take such action whether additional, limiting, consistent or inconsistent with any prior resolution as the Board may deem necessary or appropriate.


Issued September 6, 1988
Approved: date of manual adoption



Dedicated to Excellence
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | J. Students |
| Title | Suspension or Expulsion of Students |
| Code | JKD-1-R |
| Status | Active |
| Adopted | November 8, 2004 |
| Last Revised | August 13, 2012 |

A. Procedure for Suspension of 10 Days or Less

Through written policy the Board of Education has delegated to any school principal the power to suspend a student for not more than five days. The superintendent has been delegated the power to suspend a student for additional periods of time. (See accompanying policy.)

The school authority shall follow the procedures set forth below in any discipline involving suspension of a student.  School authority shall mean the principal or designee, the Superintendent or the Board of Education as may be applicable under the circumstances.

1. Notice.  The principal or his/her designee at the time of contemplated action shall give the student notice of the contemplated action.

2. Contents of Notice.  The notice shall contain the following basic information:

   a. A statement of what the student is accused of doing.

   b. A statement of the basis of the accusation.   Specific names may be withheld if necessary.

   This information need not be set out formally but should sufficiently inform the student of the basis for the contemplated action.

3. Informal Hearing.

   a. The student shall have an opportunity to explain his or her position regarding a disruption in the classroom or an incident constituting grounds for discipline.

   b. The student shall be given an opportunity to admit or deny the accusation.

   c. In the event of contradictory facts, the school authorities should attempt to ascertain the facts before disciplinary action is taken.

4. Timing.  The notice and informal hearing should precede removal of the student from school. There need be no delay between the time notice is given and the time of the hearing.

5. If the student's presence in school presents a danger.  Notice and an informal hearing need not be given prior to removal from school where a student's presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process.  In this case, an informal hearing will follow as soon after the student's removal as practicable.

Exhibit 3 Page 13

6. <u>Notification following suspension</u>.  If a student is suspended, the suspending authority shall immediately notify the parent, guardian, or legal custodian that the student has been suspended, the grounds for such suspension and the period of such suspension.  The notification shall include the time and place for the parent, guardian, or legal custodian to meet with the suspending authority to review the suspension.

7. <u>Removal from school grounds</u>.  A suspended pupil shall be required to leave the school building and the school grounds immediately following a determination by the parent, guardian, or legal custodian and the suspending authority of the best way to transfer custody of the pupil to the parent, guardian, or legal custodian.

8. <u>Readmittance</u>.  No student shall be readmitted to school until the meeting with the parent, guardian, or legal custodian has taken place or until, in the opinion of the suspending authority, the parent, guardian, or legal custodian has substantially agreed to review the suspension with the suspending authority.  The meeting shall address whether there is a need to develop a remedial discipline plan for the pupil in an effort to prevent further disciplinary action.  However, if the suspending authority cannot contact the parent, guardian, or legal custodian or if the parent, guardian, or legal custodian repeatedly fails to appear for scheduled meetings, the suspending authority may readmit the student.

The suspending authority shall:

    a. Make every reasonable effort to meet with the parent, guardian, or legal custodian of the pupil during the period of suspension;

    b. Not extend a period of suspension because of the failure of the suspending authority to meet with the parent, guardian, or legal custodian during the period of suspension;

    c. Provide an opportunity for a pupil to make up school work during the period of suspension.  The intent of this provision is to provide an opportunity for the pupil to reintegrate into the educational program of the district following the period of suspension.  Students will receive full or partial academic credit to the extent possible for makeup work which is completed satisfactorily.

B. <u>Procedure for Expulsion or Denial of Admission</u>

In the event that the Superintendent contemplates action denying admission to any student or prospective student or expelling any student, the following procedures shall be followed:

1. <u>Notice</u>.  The Board of Education or an appropriate administrative officer of the district will cause written notice of such proposed action to be delivered to the student and the student's parent/guardian no less than 5 days prior to the date of the contemplated action.  Such delivery may be by United States mail addressed to the last known address of the student or the student's parent/guardian.

2. <u>Emergency Notice</u>.  In the event it is determined than an emergency exists necessitating a shorter period of notice, the period of notice may be shortened provided that the student or the student's parent/guardian have actual notice of the hearing prior to the time it is held.

3. <u>Contents of Notice</u>.  The notice will contain the following basic information:

    a. A statement of the basic reasons alleged for the contemplated denial of admission or expulsion.

    b. A statement that a hearing on the question of expulsion or denial of admission will be held.

    c. A statement of the date, time and place of the hearing in the event one is requested.

    d. A statement that the student may be present at the hearing and hear all information against him or her, that the student will have an opportunity to present such information as is relevant, and that the student may be accompanied and represented by a parent/guardian and an attorney.

    e. A statement that failure to participate in such hearing constitutes a waiver of further rights in the matter.

4. <u>Conduct of Review</u>.  A hearing may be requested by the parent/guardian. The expulsion/denial of admission hearing shall be conducted by the District's hearing officer.  The hearing may be conducted in

**Exhibit 3 Page 14**

open session or may be closed except to those individuals deemed advisable by the superintendent but including in all events, the student, the parent/guardian and, if requested, the student's attorney. Such individuals as may have pertinent information may be permitted to a closed hearing to the extent necessary to provide such information. Testimony and information may be presented under oath. The student shall present his/her version of the events and relevant information. Technical rules of evidence shall not be applicable, and the hearing officer may consider and give appropriate weight to such information or evidence he/she deems appropriate. The student's written statement, if any, may be presented as evidence in accordance with applicable law. The student or his representative may question individuals presenting information.

A sufficient record of the proceedings shall be kept so as to enable a transcript to be prepared in the event either party so requests. Preparation of the transcript will be at the expense of the party requesting the same.

The hearing officer will make specific factual findings and submit those findings and a recommendation regarding expulsion to the superintendent. The superintendent will review the hearing officer's factual findings and recommendation and issue a written decision within five days of the hearing.

5. <u>Appeal</u>. Within 10 days after the decision of the superintendent, the student may appeal the decision to the Board of Education. Failure to request an appeal within 10 days will result in a waiver of the right to appeal and the superintendent's decision will become final.

   If an appeal is properly requested, the Board will review the record concerning the expulsion or denial of admission. The record includes notices and other documents concerning the challenged action, the transcript of testimony, if any, the hearing exhibits, the findings and recommendation of the hearing officer, the hearing officer's written decision, and other documents concerning the challenged action. The student may be represented by counsel at the appeal. Representatives of the district and the parents may make brief statements to the Board, but no new evidence may be presented unless such evidence was not reasonably discoverable at the time of the hearing. Members of the Board may ask questions for purposes of clarification of the record.

   The Board will make final determination regarding the expulsion or denial of admission of the student and will inform the student and his parent/guardian of the right to judicial review.

6. <u>Information to parents</u>. Upon expelling a student, district personnel will provide information to the student's parent/guardian concerning the educational alternatives available to the student during the period of expulsion, including district-provided services. If the parent/guardian chooses to provide a home-based education program for the student, district personnel will assist the parent in obtaining appropriate curricula for the student if requested by the parent/guardian.

   If the student is expelled, and is not receiving educational services through the district, the school district will contact the expelled student's parent/guardian at least once every 60 days until the student is eligible to re-enroll to determine whether the child is receiving educational services. District personnel need not contact the parent/guardian after the student is enrolled in another school district or in an independent or parochial school, or if the student is committed to the department of human services or sentenced through the juvenile justice system.

7. <u>Readmittance</u>. In accordance with state law, an expelled student shall be prohibited from enrolling or re-enrolling in the same school in which the victim of the offense or member of the victim's immediate family is enrolled or employed when:

   a. the expelled student is convicted of a crime, adjudicated a juvenile delinquent, receives a deferred judgment or is placed in a diversion program as a result of committing the offense for which the student was expelled;

   b. there is an identifiable victim of the expelled student's offense and;

   c. the offense for which the student was expelled does not constitute a crime against property.

   If the district has no actual knowledge of the name of the victim, this provision shall be implemented only upon request of the victim or a member of the victim's immediate family. This provision does not apply if the offense for which the student was expelled constitutes a crime against property.

C. <u>Procedure for the expulsion for crimes of violence or unlawful sexual behavior</u>

The following procedures will apply when the district receives notification that a student has been charged in juvenile or district court with a crime of violence or unlawful sexual behavior as those terms are defined by state law.

1. The Board or its designee will make a preliminary determination whether it will proceed with an expulsion hearing based on the following factors:

   a. Whether the student has exhibited behavior that is detrimental to the safety or welfare of other students, or school personnel.

   b. Whether educating the student in school may disrupt the learning environment, provide a negative example for other students or create a dangerous and unsafe environment for students, teachers and other school personnel.

2. If it is determined that the student should not be educated in the schools of the district and that grounds for expulsion exist, the district may suspend or expel the student in accordance with the procedures set forth above.

3. Alternatively, suspension or expulsion proceedings may be postponed pending the outcome of the court proceedings.  If the suspension or expulsion proceedings are postponed, the student will not be permitted to return to school during that period.  An appropriate alternative education program, including but not limited to, an online program authorized by state law or a home-based education program will be established for the student during the period pending the resolution of the juvenile proceedings.  The time that a student spends on an alternative education program will not be considered a period of suspension or expulsion.

4. If the student pleads guilty to the charge, is found guilty or is adjudicated a delinquent juvenile, the Board or designee may proceed to expel the student following the procedures set forth in these regulations.

5. Information regarding the details of the alleged crime of violence will be used by the Board or its designee for the purposes set forth in this policy, but will remain confidential unless the information is otherwise available to the public by law.

Approved by Superintendent Monte C. Moses, November 8, 2004
Revised:  August 13, 2012

2/4/2020                                                                                                BoardDocs® Pro



*Dedicated to Excellence*
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | J. Students |
| Title | Student Discipline |
| Code | JK |
| Status | Active |
| Adopted | August 8, 1966 |
| Last Revised | December 10, 2018 |

The Board believes that effective student discipline is a prerequisite for sound educational practice and productive learning.  The objectives of disciplining any student must be to help the student develop a positive attitude toward self-discipline and socially acceptable behavior.

The Board, in accordance with state law, has adopted a written student Conduct and Discipline Code based upon the principle that every student is expected to follow accepted rules of conduct and to show respect for and to obey persons in authority. The Code also emphasizes that certain behavior, especially behavior that disrupts the classroom, is unacceptable and may result in disciplinary action.

The Board, in accordance with state law, has adopted policies and procedures for handling general and major discipline problems for all students of the District which are designed to achieve these broad objectives. All Board policies and Board approved regulations containing the letters "JK" in the file name constitute the discipline section of the legally required code.

In addressing student conduct and applying discipline, the District is committed to:

- Assuring all schools are safe and have an environment that is conducive to learning
- Ensuring the Conduct and Discipline Code is enforced uniformly, fairly and consistently for all students
- Emphasizing proportionate disciplinary interventions and consequences and keeping students engaged in learning
- Achieving nondiscrimination and equity in student discipline policies and practices.

**<u>Immunity for Enforcement of Discipline Code</u>**

Discipline policies and procedures may include acts of reasonable and appropriate physical intervention or force which are not in conflict with the legal definition of child abuse.  An act of a teacher or other employee shall not be considered child abuse if the act was performed in good faith and in compliance with Board policy and procedures.

A teacher or any other person acting in good faith and in compliance with the discipline code adopted by the Board shall be immune from civil liability unless the person is acting willfully or wantonly.  It is an affirmative defense in any criminal action that a person is acting in good faith and in compliance with the discipline code.

**<u>Responsibilities of Administration and Employees for Student Discipline</u>**

The administration has the right to expect full cooperation of employees in the planning and execution of discipline and control procedures including support for removing students who persistently or flagrantly misbehave.

The administration should advise, counsel and generally assist teachers and employees who are assigned duties requiring supervision in the handling of discipline problems.

When disciplinary action requires administrative support and attention, employees may be asked to provide written referrals to the administration.

**Exhibit 3 Page 17**

The administrator shall give attention to all referrals concerning behavior and notify the employee concerned of the action taken.

While maintenance of discipline in the classroom is a major responsibility of the classroom teacher or another individual assisting in the classroom, the teacher may ask the principal for guidance and assistance without that request reflecting negatively on an administrator's perception of the teacher's individual ability.

### Remedial Discipline Plans

The principal or designee may develop a written remedial discipline plan for any student who causes a material and substantial disruption in the classroom, on school grounds, in school vehicles or at school activities or events. The goal of the remedial discipline plan shall be to address the student's disruptive behavior and educational needs while keeping the child in school.

To develop the plan, the principal or designee will arrange for a meeting with the student, the student's parent/guardian and any members of the staff whom the principal believes should attend.

The purpose of the meeting will be to address reasons for the student's disruptive behavior and to establish goals, objectives and timelines to modify such behavior. A written plan will be prepared which addresses the student's disruptive behavior, educational needs and what steps are necessary to keep the child in school. The plan may include incentives for good behavior and consequences if the student violates the plan. The plan may be written in the form of a contract which the student and the parent/guardian will sign and date.

The parent will be provided a copy of the remedial discipline plan.

### Discipline of Habitually Disruptive Students

Students who have caused a material and substantial disruption in the classroom, on school grounds, in school vehicles or at school activities or events three times during the school year may be declared habitually disruptive students. Any student enrolled in the District's schools may be subject to being declared a habitually disruptive student. Declaration as a habitually disruptive student may result in the student's expulsion from school.

The principal will inform the Superintendent or designee when a student causes a second material and substantial disruption.

The student and the parent/guardian will be notified in writing of each disruption which counts toward declaring the student habitually disruptive. The student and parent/guardian will also be notified in writing and by other communication, i.e., oral or electronic, of the definition of "habitually disruptive." A student who has been declared habitually disruptive may be suspended or expelled in accordance with applicable Board policy.

### Distribution of Conduct and Discipline Code

The Superintendent shall arrange to have a copy of the Conduct and Discipline Code provided once to each student in elementary, middle, and high school and once to each new student in the District. Copies shall be available in each school of the District. The Superintendent shall ensure reasonable measures are taken to ensure each student is familiar with the Code. In addition, any significant change in the Code shall be distributed to students and posted in each school or electronically on the District and/or school website.

The Board shall consult with administrators, teachers, parents, students and other members of the community in the development of the Conduct and Discipline Code.

2/4/2020                                                BoardDocs® Pro

Legal                    C.R.S. § 22-11-302(1)(f) (District Accountability Committee Shall Provide Input to the
                         Board Regarding the Creation and Enforcement of the Conduct and Discipline Code)

                         C.R.S. § 18-6-401(1) (Definition of Child Abuse)

                         C.R.S. § 22-33-106 (1)(f) (Grounds for Suspension, Expulsion and Denial of Admission)

                         C.R.S. § 22-32-109.1(2)(a)(Adoption and Enforcement of Conduct and Discipline Code)

                         C.R.S. § 22-32-109.1(2)(a)(I) (School District Shall Take Reasonable Measures to
                         Familiarize Students with the Conduct and Discipline Code)

                         C.R.S. § 22-32-109.1(2)(a)(I)(C) (Discipline of Habitually Disruptive Students is Required
                         Part of Safe Schools Plan)

                         C.R.S. § 22-32-109.1(9) (Immunity Provisions in Safe Schools Law)

                         C.R.S. § 22-33-106(1)(c)(5) (Definition of a Habitually Disruptive Student)

Cross References         JK subcodes (all relate to student discipline)

                         JIC - Student Conduct

**Exhibit 3 Page 19**

3/12/2020                                               BoardDocs® Pro



*Dedicated to Excellence*
Cherry Creek Schools

| | |
|---|---|
| Book | Board Policies |
| Section | J. Students |
| Title | Student Expression Rights |
| Code | JICED |
| Status | Active |
| Adopted | September 11, 2000 |
| Last Revised | August 14, 2000 |

While students do not shed their constitutional rights when they enter the school or engage in school-related activities, it is the Board of Education's responsibility to adopt rules reasonably necessary to maintain proper discipline among students and create an effective learning environment.

Therefore, all student expression shall be consistent with the aims and objectives of the mission of the school district, the curriculum and this policy.  For purposes of this policy, student expression includes expression in any media, including but not limited to written, oral, visual, audio, and electronic media in all classroom and other school-related activities, assignments, and projects.

Students shall not turn in, present, publish or distribute expression that is:

1. Obscene;

2. Libelous, slanderous, defamatory, or otherwise unlawful under state law;

3. False as to any person who is not a public figure or involved in a matter of public concern;

4. Creates a clear and present danger of the commission of unlawful acts, the violation of lawful school regulations, or the material and substantial disruption of the orderly operation of the school;

5. Profane or vulgar;

6. Violates the rights of privacy of others;

7. Threatens violence to property or persons;

8. Attacks any person because of race, color, sex, age, religion, national background, disability, or handicap;

9. Tends to create hostility or otherwise disrupt the orderly operation of the educational process;

10. Advocates illegal acts of any kind, which create a sense of threat to the orderly operation of the educational environment.

Violation of this policy shall result in disciplinary action against the student consistent with District student discipline policies.

Legal            C.R.S. § 22-1-120 (Free Expression for Public School Students)

                 C.R.S. § 22-32-110 (1) (Board of Education - Specific Powers - Exclusion of Immoral Materials)

Exhibit 3 Page 20

Cross References        JICDA - Conduct and Discipline Code

                                    JICDB - Violent and Aggressive Behavior

                                    JICEC - Student Distribution of Noncurricular Materials

                                    JK - Student Discipline