**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. 19-CV-3346-RBJ

Cl.G. on behalf of his minor son, C.G., the aggrieved party,

    Plaintiff,

v.

SCOTT SIEGFRIED, Superintendent of Cherry Creek School District, *et al.,*

    Defendants.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND
APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference, ~~is~~ scheduled for May 14, 2020 at 2:00 p.m., before Judge R. Brooke Jackson, was vacated by the Court due to restrictions related to the coronavirus pandemic.  *See* ECF No. 38.  The Court has reviewed the proposed Scheduling Order and notes its modifications and comments for easier reference. Jamie Hubbard of Stimson Stancil LaBranche Hubbard, LLC will be appearing on behalf of the Plaintiff, and Jonathan P. Fero and Daniel P. Spivey of Semple Farrington Everall & Case, P.C. will be appearing on behalf of the Defendants.

**2. STATEMENT OF JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 because the claim at issue is brought under federal law, specifically 42 U.S.C. § 1983. Jurisdiction is not contested by the parties.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.  PLAINTIFFS: Plaintiff Cl.G. brings this action on behalf of his minor son, C.G. against the Cherry Creek School District and some of its employees/administrators.

C.G. was a student at Cherry Creek High School in the fall of 2019. On a Friday evening, when C.G. was not at school or a school-sponsored activity, C.G. posted a photo with an offensive caption to his private Snapchat account. C.G. did not intend to offend anyone; he fashioned his post after a popular meme and believed the caption was so outrageous no one could possibly take it seriously. When C.G. realized his post had offended others, he posted an apology to the same Snapchat account.

After receiving a screenshot of C.G.'s Snapchat post, the parents of one student at Cherry Creek High School contacted the school about using C.G.'s Snapchat post as a learning tool for educating students about hate crime and hate speech. Instead of using C.G.'s post as a learning tool, Defendants violated and conspired to violate C.G.'s First and Fourteenth Amendment rights by suspending him from Cherry Creek High School, extending the initial suspension multiple times without any process or opportunity to appeal, and ultimately expelling C.G.

C.G.'s First Amendment rights were violated when he was disciplined for protected speech. Defendants' policies were the moving force behind this constitutional violation and are therefore unconstitutional. The process followed by Defendants and the policies adopted by the District violated C.G.'s due process rights and the policies adopted by the District.

These constitutional violations caused C.G. damages. C.G. also seeks injunctive relief requiring that Defendants' unconstitutional disciplinary actions be removed from his academic records.

b.  DEFENDANTS: Defendants deny that they violated C.G.'s First or Fourteenth Amendment rights under the United States Constitution or violated 42 U.S.C. § 1983 when C.G. was disciplined after he made a social media post that he and his friends were going to "exterminate the Jews." This alarming and highly inflammatory post caused a substantial disruption at Cherry Creek High School as multiple parents and community members contacted school officials with concerns for the safety and well-being of students, students had to miss class, class lessons were adjusted to address the post, numerous media outlets reported on the post, and administrators had to spend considerable time addressing the fallout from the post. Further, it was reasonably foreseeable to C.G. that his post would reach the Cherry Creek High School community. The District also provided C.G. with sufficient due process as he was provided with notice and opportunity to be heard

when he was suspended, he had the option to challenge his suspension, and before he was expelled he was provided with two hearings and an appeal.

C.G. fails to state a claim upon which relief can be granted for the following reasons: (1) the Defendants did not violate C.G.'s First Amendment rights when he was disciplined for his social media post; (2) the Defendants did not violate any procedural due process rights of C.G. when he was suspended and expelled; (3) Cherry Creek School District No. 5 ("District") policies are not unconstitutionally vague or overbroad and the District is not subject to municipal liability; (4) the Defendants did not conspire to violate C.G.'s constitutional rights; and (5) all of the individual Defendants are entitled to qualified immunity or absolute immunity for all claims against them.

c.  OTHER PARTIES: N/A.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.  C.G. was a junior at Cherry Creek High School ("CCHS") during the 2019-2020 school year.

2.  On September 13, 2019, a Friday evening, C.G. posted a photo on his Snapchat page of three friends and CCHS students at a thrift store.

3.  One student in the photo wore what appears to be a foreign military-style hat.

4.  C.G. captioned the photo "Me and the boys bout to exterminate the Jews."

5.  C.G. was not on campus or at a school-sponsored event when he took the photo.

6.  C.G. was not on campus or at a school-sponsored event when he posted the photo on Snapchat.

7.  C.G.'s post was available to be viewed by his "friends" on Snapchat.

8.  On Monday, September 16, 2019, C.G. was permitted to enter CCHS with

3

his backpack and outside of his first period class he was met by a school security guard who escorted C.G. to Dean Thomas's office.

9. C.G. was informed by Dean Thomas that he was suspended for five days.

10. On September 16, 2019, Dean Thomas sent a letter to C.G.'s parents .

11. On September 18, 2019, Defendant Kevin Uhlig sent a letter to C.G.'s parents.

12. On September 18, 2019, Defendant Chris Smith sent a letter to C.G.'s parents.

13. An expulsion hearing was held on October 7, 2019.

14. After the expulsion hearing, Superintendent Siegfried recommended that C.G. be expelled from the District for one calendar year with the option for early readmission on January 6, 2020.

15. A hearing before the District Board of Education regarding C.G.'s appeal of the expulsion recommendation was held on December 3, 2019.

16. On December 3, 2019, the District Board of Education affirmed Siegfried's expulsion recommendation with the option of early readmission on January 7, 2020.

### 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff is incurring damages on an ongoing basis but, to date, has incurred the following:

1. Attorneys fees incurred during                  $37,717.65
   suspension/expulsion administrative process[1]

---

[1] These fees are separate and apart from the fees being incurred to prosecute this

4

    2.  Cost of private education                                $17,875

    3.  Out of pocket costs for counseling and therapy    $55,959.29 (as of April 28, 2020)

    4.  Economic damages for pain and suffering, emotional distress, embarrassment, and loss of enjoyment of life:    TBD

Defendants: Defendants are not currently seeking damages, but reserve their rights to claim attorneys' fees, costs, and other relief.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.     Date of Rule 26(f) meeting.

The parties held a telephonic Rule 26(f) hearing on April 15, 2020.

    b.     Names of each participant and party he/she represented.

Jamie Hubbard participated for Plaintiff and Daniel Spivey participated for Defendants.

    c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rules 26(a)(1) disclosures were exchanged on April 29, 2020.

    d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

    e.     Statement concerning any agreements to conduct informal discovery:

The parties do not believe informal discovery is necessary here.

    f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

---

action, which Plaintiff intends to seek pursuant to 42 U.S.C. § 1988.

The parties agree to utilize a unified numbering system for exhibits and to generally provide fulsome Fed. R. Civ. P. 26(a)(1) disclosures.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties have discussed possible sources of electronically stored information ("ESI"), including student files, administration emails, electronic files and emails of Plaintiff, and student social networking media. The Parties anticipate some ESI discovery relevant to the claims or defenses in this matter, and that production of documents should be done in electronic format unless otherwise impossible. The Parties agree to work cooperatively on ESI and the format in which it will be produced.  Plaintiff and Defendants agree that, in the event that disputes arise regarding discovery of electronically stored information, they will attempt to apply the Sedona Principles to resolve such disputes.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties engaged in initial settlement discussions shortly after the case was filed. Further discussions are not expected to be fruitful at this time, though the parties remain willing to engage in settlement discussions as the case progresses. Without commenting on the merits of the case, which are presently being challenged in a motion to dismiss that the Court has not yet addressed, the Court comments that the Snapshot post by C.G. was not funny.  Rather, it was incredibly inappropriate, insensitive and immature, at the least.  This lawsuit raises significant legal issues that have the potential of continuing beyond whatever resolution occurs in the district court, and to last literally for a period of years.  It is, therefore, surprising to the Court that the parties have apparently put their efforts to resolve the matter outside the court process on the shelf for the time being.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties have agreed that no modifications are necessary, and each side is

6

permitted 10 depositions and 25 interrogatories.

    b.    Limitations which any party proposes on the length of depositions.

Six hours.

    c.    Limitations which any party proposes on the number of requests for production and/or requests for admission.

25 per side.

    d.    Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

45 days before close of discovery.

    e.    Other Planning or Discovery Orders

Defendants will file a motion to stay all discovery based on the assertion of qualified immunity in Defendants' motion to dismiss (Docket No. 32.)  Plaintiff does not oppose the stay as it relates to the individual Defendants but opposes a stay as it relates to the entity Defendants. The parties have agreed to up to 120 hours of depositions.  It does not make sense to stay the individual claims while proceeding with "full speed ahead" discovery against the entity defendants. Because they have not proposed a more modest and targeted plan of discovery against the entity defendants while the motion to dismiss is being addressed, the Court has stayed all discovery at this time.

The Parties will submit a proposed protective order to the Court for its review.  The protective order will accommodate the exchange of confidential documents and other information during the discovery process as it relates to students and personnel and to the District's confidentiality requirements.  Any protective order must comply with this Court's practice standards.  In addition, the Court finds that the identity of C.G. and family members, and information personal to them such as addresses, phone numbers, Social Security numbers, identification of C.G.'s present school, and perhaps other such items are not legitimately of public interest.  Those items may be redacted.  Plaintiff has already crossed the bridge in terms of publicly identifying the individual defendants, but the same strictly personal items concerning them may also be redacted.  However, the basic issues in the case are absolutely matters of public interest, more so that many civil cases, and restricted public access will not be ordered without very good cause on a document by document basis.  In short, if you don't want your documents to be available to the public, don't file them in the Court's file, which will generally be open to public scrutiny.

**9. CASE PLAN AND SCHEDULE**

a. Deadline for Joinder of Parties and Amendment of Pleadings: June 12, 2020, subject to amendment for good cause.

45 days after scheduling conference.

b. Discovery Cut-off: TBD. Presently stayed.

The parties anticipate discovery will take 8-9 months once it can begin. That strikes the Court as much more time than should be necessary, but it contributes to the Court's warning that this case potentially will go on for years.

c. Dispositive Motion Deadline: TBD after discovery cutoff is determined.

45 days after close of discovery.

d. Expert Witness Disclosure

  1. The parties shall identify anticipated fields of expert testimony, if any.

  Expert testimony may be provided on damages.

  2. Limitations which the parties propose on the use or number of expert witnesses.

  2 retained and 2 non-retained experts per side.

  3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) at least 90 days before the close of discovery.

  4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) at least 60 days before the close of discovery.

e. Identification of Persons to Be Deposed:

For Plaintiff: all Defendants (6 hours each); at least two and up to four Parents of

8

CCHS students who contacted the school about C.G.'s Snapchat Post (2-3 hours each); possibly other District personnel as written discovery reveals may have relevant information.

For Defendants: C.G. and C.G.'s parents (6 hours each).

f.  No discovery-related motions or responses may be filed without Court permission. Discovery disputes will be resolved by the Court via telephonic conferences to be scheduled by jointly contacting Chambers.

### 10. DATES FOR FURTHER CONFERENCES

~~Status conferences will be held in this case at the following dates and times:~~

~~a.  A final pretrial conference will be held in this case on _____ at o'clock ____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~  The Court will hold a Trial Preparation Conference in lieu of a Final Pretrial Order.  If defendants make a jury demand, the parties will file proposed jury instructions one week before the TPC.  The TPC will be used to resolve any remaining disputes concerning instructions, if appropriate, and exhibits, witnesses, and other trial-related issues.

In order to reserve time on the Court's docket for a Trial Preparation Conference and a Trial, the Court provides the following dates.  **Please contact Chambers at jackson_chambers@cod.uscourts.gov, within 14 days to indicate your preference.**

**Options for a four-day trial: 8/2/21; 8/9/21; or 9/27/21**

**Options for a Trial Preparation Conference: 8/13/21 at 1:30; 8/20/21 at 1:30; or 9/2/21 at 1:30.**

### 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

N/A.

b. Anticipated length of trial and whether trial is to the court or jury.

It is expected that trial will take four days.  Plaintiff has not requested a jury but when

9

and if Defendants are required to answer the operative Amended Complaint (Docket No. 30), they may request a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wasatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None. All hearings should be held in Denver.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The parties acknowledge that this Scheduling Order may be amended only upon a showing of good cause.

DATED at Denver, Colorado, this 12th day of May, 2020.

BY THE COURT:

_____

10

                                                  _____
Hon. R. Brooke Jackson
United States Judge

APPROVED:

| For Plaintiff: | For Defendants: |
|---|---|
| *s/Jamie Hughes Hubbard* | *s/Daniel P. Spivey* |
| Jamie Hughes Hubbard | Jonathan P. Fero |
| Stimson Stancil LaBranche Hubbard, LLC | Daniel P. Spivey |
| 1652 Downing Street | Semple Farrington Everall & Case, P.C. |
| Denver, Colorado 80218 | 1120 Lincoln Street |
| Ph/Fx: 720-689-8909 | The Chancery Building, Suite 1308 |
| hubbard@sslhlaw.com | Denver, CO 80203 |
| | Ph. 303-595-0941 |
| | jfero@semplelaw.com |
| | dspivey@semplelaw.com |